IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD HASSAIN ESTES, EW-1641, )
    Petitioner, )
     )
    v. ) 2:11-cv-690
     )
SUPERINTENDENT OF S.C.I.H., et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Richard Hassain Estes for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Richard Hassain Estes an inmate at the State Correctional Institution at Huntingdon has presented a petition for a writ of habeas corpus. Estes is currently serving a twenty to forty year sentence imposed following his conviction, by a jury, of third degree murder at No. CP-02-CR-4874-2001 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on December 21, 2001.[1]

> An appeal was taken to the Superior Court in which the issues presented were:
>
> I. Whether Mr. Estes was denied a fair trial by a jury selection system which, based upon the methods used to select jurors, resulted in a jury pool that failed to adequately represent the racial, gender and age composition of Allegheny County.
>
> II. Whether trial counsel rendered ineffective assistance of counsel when he failed to have Rachel Wright testify that Juror #12 approached Ms. Wright and informed Ms. Wright that misconduct occurred in the jury room during deliberations.
>
> III. Whether trial counsel rendered ineffective assistance of counsel when he failed to impeach the Commonwealth's key witness, Tracy Harris, with her 1999 out-of-state fraudulent check conviction.[2]

---

[1] See: Answer of the Commonwealth at pp.1066-1067.
[2] Id. at p.1114.

1

On May 28, 2004 the judgment of sentence was affirmed.[3] Relief was not sought in the Pennsylvania Supreme Court.

On May 18, 2005, petitioner filed a timely post-conviction petition. Following a hearing, the petition was dismissed on September 21, 2009.[4] Estes then supplemented his post-conviction petition and on September 10, 2010, the post-conviction court affirmed its denial of post-conviction relief.

An appeal was filed in the Superior Court in which the sole issue presented was:

> Whether the post-conviction court correctly concluded that appellant had failed to demonstrate that he was in possession of previously unavailable exculpatory evidence which would entitle him to relief.[5]

On January 31, 2011, the Superior Court affirmed the denial of post-conviction relief.[6] A petition for allowance of appeal to the Pennsylvania Supreme Court was filed on May 22, 2011 and denied by the latter court on August 30, 2011.[7]

The petitioner now comes before this Court and contends he is entitled to relief on the following grounds:

1. Whether each, trial, direct appeal, and retained counsel rendered ineffective assistance of counsel, failing to establish and present evidence objecting to coroner's inquest, the discriminatory jury selection, and harmful error that occurred during voir dire.
2. Layered ineffective assistance of counsel; failing to investigate whether jurors were exposed to extraneous influences
3. Whether trial court abused discretion by ignoring petitioner's motions to disclose juror's info, and denying a hearing to investigate alleged jury misconduct.
4. Whether retained counsel John Elash violated petitioner's 6th Amendment rights when health problems affected his performance.
5. Whether prosecutorial misconduct occurred when prosecutors used ill-tactics, and improper methods to produce wrongful conviction and rewarded perjured testimony.
6. Whether prosecutorial misconduct occurred when detectives coached and coerced witness testimony, forcing them to perjure themselves.

---

[3] Id. at pp.1188-1194.
[4] Id. at p.1351.
[5] Id. at p.1435.
[6] Id. at pp.1459-1473.
[7] See: Allocatur Docket No. 79 WAL 2011. This denial also moots the petitioner's request that the matter be stayed pending the exhaustion of state court remedies which is part of Doc. #1 in this case.

7. Whether trial court erred in failing to grant motion for mistrial when A.D.A. Beemer improperly introduced hearsay evidence corroborating testimony of one witness to another.
8. Whether petitioner is entitled to a new trial based upon previously unavailable and materially exculpatory evidence which shows that defendant/petitioner Estes did not commit the homicide of which he was convicted and identifies another person as the killer.
9. Challenge of record [specifically to the trial transcript at p.278 lines 14-15].

The factual background to this case is set forth in the January 31, 2011 Memorandum of the Superior Court citing to the opinion of the trial court:

> On the evening of March 28, 2001, Eric Wright took a bus to visit a friend at her apartment building. Franc[e]s Sumpter had recently moved into the apartment at 2303 East Hills Drive with her three children. On the eve of Sumpter's son's birthday, Wright intended to deliver …the child's gift. Erik Wright spoke to Sumpter by phone on four occasions during his travels. He got off the bus at the top of a hill, walked to the apartment building, and met his death in its vestibule. An unarmed victim, Eric [sic] Wright was shot three times. He lay dead when the police arrived.
>
> Interviews at the scene led to the arrest of [Appellant]. The gun used to kill Wright was identified as one possessed by [Appellant]. In addition, certain eye-witness accounts pointed directly to [Appellant]. At trial, Tracy Harris testified that [Appellant] – known as Hoss – was a friend of hers, and that he had shown her the gun some time before the night in question. Harris testified that, on that night, she and a friend, Robin Robinson, were outside the building with Hoss and another man when Wright came across the parking lot. Harris observed Hoss confront Wright outside the apartment building, and then follow him inside. From the sounds heard from within, Harris recognized that the two men were fighting. When she looked inside, she witnessed the two engaged in a physical altercation. When she saw Estes' gun, she and Robinson ran from the scene. Though Harris' testimony was tainted by her admitting drug-induced state at the time of the killing, certain other forensic and identification evidence corroborated her story.[8]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

---

[8] See: answer at p.1460.

3

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
>
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the

4

particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

We first address the exhaustion issue. Of the first seven issues which the petitioner seeks to raise here only the discriminatory jury selection was directed to the Superior Court in his direct appeal. However, that issue was not presented as an ineffective assistance of counsel claim, as the petitioner alleges here, but rather as a challenge to the Allegheny County jury selection process. Thus, none of the first seven issues were presented to the state courts for their consideration in the first instance. The petitioner's ninth issue that is his challenge to the trial transcript likewise was not previously raised in the state courts.[9] Thus, he has failed to exhaust the available state court remedies on these issues and now cannot return to the Pennsylvania courts for further consideration. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has failed to exhaust the available state court remedies on these issues and no further consideration of these issues is warranted here.

The petitioner's eighth issue is that he is entitled to a new trial as a result of having secured previously unavailable exculpatory evidence. This is the sole issue he raised in his appeal from the denial of post-conviction relief. While his state claim was not couched as a federal issue, it was substantially identical to the issue which he seeks to raise here. Specifically

---

[9] The Commonwealth notes in its answer that petitioner did seek to raise these issues in his pro se filings in the post-conviction court however those submissions were made after the trial court had dismissed his post-conviction petition and the latter matter was the subject of an appeal to the Superior Court. Under Pennsylvania law such an untimely submission to the trial court cannot be considered by that court since it lacks jurisdiction of the matter due to the pendency of the appeal. Commonwealth v. Lark, 560 Pa. 487,493 (2000).

the petitioner contends that in a June 23, 2007 unverified statement Leannette Holt represented that she had seen D and another man, neither of whom was the petitioner, run from the building and enter the car in which she was present.[10] Another individual, Brannily Rock provided an unverified statement dated June 23, 2007 that at the time of the homicide she emerged from a basement laundry room where she was expecting to have a sexual liaison and observed an individual exiting the apartment building brandishing a silver gun and that individual was not the petitioner who was known to her.[11]

After reviewing the statements of the two newly discovered witnesses, both of whom represented that the petitioner was not involved in the homicide and hearing their testimony to the same effect in court, the post-conviction court wrote:

> In Commonwealth v. McCraken, 540 Pa. 541, 549 (1995) our Supreme Court outlined the basis for granting a new trial based upon after discovered evidence. After discovered evidence can be the basis for a new trial if it (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) it is not merely corroborative or cumulative; (3) it will not be use[d] solely to impeach the credibility of a witness; and (4) it is of such nature and character that a different verdict will likely result if a new trial is granted…
>
> Defendant in this case fails to address whether this evidence could have been discovered and obtained prior to the conclusion of his trial…
>
> While both witnesses seem to point to a man other than defendant as the assailant, neither can provide any specific details or evidence as to the identity of the assailant that may give any weight by this court…
>
> Defendant fails to show how this new evidence would be used other than for impeachment purposes…
>
> The testimony [of one witness] was vague and ambiguous at best…
>
> The testimony [of the other witness] was vague and suspect…
>
> Additionally, this court finds the testimony [of both witnesses] wholly incredible; as both witnesses failed to identify anyone who may have committed the murder with specificity or particularity so as to change the outcome of the trial. Upon reviewing the testimony of [both witnesses] it is clear that neither witness saw the murder take place, nor could they provide an exact address for the location or

---

[10] See: Answer at p.1513.
[11] Id. at pp.1514-1515.

could offer a precise time. They do not point to any suspect with certainty and their testimony is unconvincing and highly suspect.[12]

These determinations were adopted by the Superior Court in its affirmance of the denial of post-conviction relief.[13]

As factual determinations, the conclusions of the post-conviction court as affirmed by the Superior Court are entitled to a presumption of correctness, 28 U.S.C. § 2254(e)(1) and nothing has been presented which would support a contrary finding. Thus, this conclusion is supported by the record and not contrary to federal law as determined by the Supreme Court, Bradshaw v. Richey, 546 U.S. 74 (2005); Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006), and provides no basis for relief here.

Accordingly, because the petitioner has defaulted in exhausting the then available state court remedies, and additionally, even if considered his eighth issue does not provide a basis for relief here, it is recommended that the petition of Richard Hassain Estes for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Filed: October 27, 2011

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

---

[12] Id. at pp. 1403-1405.
[13] Id. at pp.1459-1472.